EUGENE EDKINS, an Infant over the Age of Fourteen Years, by THOMAS H. EDKINS, His Guardian ad Litem, and THOMAS H. EDKINS, Individually, Respondents, v. THE BOARD OF EDUCATION OF THE CITY OF NEW YORK, Appellant, and Others, Defendants.— The infant plaintiff — fifteen years of age — a student in a vocational high school, was injured while operating an electrically-driven power lathe concededly of modern type construction and equipped with all the usual safeguards. At the time the infant was wearing a light slipover sweater, which became entangled in the exposed part of the lead screw of the lathe. In an effort to free the sweater his thumb was crushed, necessitating its amputation. He sued the board of education and two teachers, who were in charge of the machine shop class, and his father sued for loss of services and expenses. The jury rendered a verdict in favor of the teachers and against the board of education, and awarded the infant $8,000 and his father $1,200. The board of education appeals. Judgment reversed on the law and the facts, with costs, and the complaint dismissed on the law, with costs. Plaintiffs contend that under the statute (Education Law, § 868, subd. 4), it was the appellant's duty to furnish aprons or coveralls to students operating the lathes, and that appellant failed to provide sufficient supervision.

The statute provides that the board of education has the power and is under the duty to " purchase and furnish such apparatus, maps, globes, books, furniture and other equipment and supplies as may be necessary for the proper and efficient management of the schools and other educational, * * * activities and interests under its management and control. To provide textbooks or other supplies to all the children attending the schools of such cities in which free textbooks or other supplies are lawfully provided prior to the time this act goes into effect." In our opinion the word " equipment " used in the statute includes only such articles as machines, tools and appliances, and not the clothing worn by the students. While there was proof that it was customary to have the students wear aprons or coveralls while working in machine shops in vocational schools, there was no proof that it was the custom for the authorities to furnish such clothing. The verdict imports a finding that the teachers were competent and, in our opinion, the appellant, in providing two competent teachers, discharged its duty to furnish adequate supervision. (*Curcio* v. *City of New York*, 275 N. Y. 20; *Peterson* v. *City of New York*, 267 id. 204.) We find no evidence of any violation of duty on the part of appellant. Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ., concur.